**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHANG-NEIN HO,

    Plaintiff,

v.

SOPHIE SIE, *et al.*,

    Defendants.

Civil Action No. 12-7857 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

The instant action was removed from the Superior Court of New Jersey. (ECF No. 1.) Third Party Plaintiff Sophie Sie ("Sie") has brought suit, *pro se*, against a number of Third Party Defendants.[1] (ECF No. 1-3.) Third Party Defendants Gareth Desantiago-Keene, Esq., John Slimm, Esq., Marshall Dennehey Warner Coleman and Goggin Law Firm ("MDWCG"), and Arch Insurance Company moved for remand. (ECF No. 2-4.) Third Party Defendant, Hon. Joseph L. Foster, J.S.C., has similarly moved for remand. (ECF No. 3-1.) First Party Plaintiff Chang-nein Ho ("Mr. Ho"), *pro se*, has also filed a motion seeking remand. (ECF No. 6.) Third Party Defendant Community Medical Center has moved to dismiss the Third Party Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 19.) Third Party Defendants David Schlendorf Law Office and Sylvia Breitowich, Esq., moved to dismiss under

---

[1] The Third Party Complaint alleges claims against the following named Third Party Defendants: Pratiwi Ramatjandra; John Slimm, Esq.; Gareth Santiago-Keene, Esq.; Geraldine Famularo; Enna Chin; ARCH Insurance Company; MDWCG Law Firm; the Law Office of Gareth De Santiago-Keene, Joseph L. Foster Law Office; Alpine Trading Company; and Valent Ramatjandra, Inc. (ECF No. 1-3.)

Rule 12(b)(1) and Rule 12(b)(6). (ECF No. 22-4.)[2] Finally, Mr. Ho has also filed what is styled as a "Motion to Enter Judgment and Trial Data." (ECF No. 25.) The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For good cause shown, this action is REMANDED.

I. **Background**

As the instant action is being remanded on procedural grounds and an absence of jurisdiction, an extensive recitation of the procedural history and factual predicate of the case is not necessary. The following filing dates, however, are relevant to the Court's determination. Significantly, Mr. Ho filed a Complaint in state court on July 5, 2012. (ECF No. 2-28.) Mr. Ho's Complaint alleges a claim of malicious prosecution. (ECF No. 1-2.) On August 27, 2012, Ms. Sie filed her *pro se* Third Party Complaint. (ECF No. 2-19.) Taitin Chen ("Mr. Chen"), apparently Ms. Sie's husband, filed a Notice of Removal certified on December 24, 2012. (ECF No. 1 at 19; ECF No. 1-3, Count Two, ¶ 4.)[3] Count One of the Third Party Complaint alleges Malicious Prosecution, and Count Two alleges a Breach of Good Faith and Fair Dealing. (ECF No. 1-3.)

---

[2] Filed with the Third Party Defendants' David Schlendorf Law Office and Sylvia Breitowich Motion as Exhibit A is "Cross-claim Defendant Taitin Chen's Verified Answer to Cross Claim, and Separate Defenses, and Verified Third Party Complaint." (ECF No. 22-5.) This document seems to refer to additional Third Party Defendants. However, these purported additions do not impact the Court's analysis.

[3] On January 9, 2013, the Superior Court of New Jersey granted a Cross-motion to Dismiss with prejudice the Third Party Complaint filed by Sophie Sie against Garth DeSantiago-Keene, John Slimm and MDWCG and to enjoin Sophie Sie from filing further pleadings against these defendants. Further, the court similarly granted Judge Joseph Foster's Motion to Dismiss the Third Party Complaint. (ECF No. 9-1.)

2

## II. Analysis

### A. Legal Standard

Generally, a civil action brought before a state court of which the district courts have original jurisdiction may be removed to the district court for the district and division where the action is pending. 28 U.S.C. § 1441(a). A civil action removable solely on the basis of diversity jurisdiction may not be removed if any of the defendants are citizens of the state where the action was brought. 28 U.S.C. § 1441(b). An action is also removable when it "aris[es] under the Constitution, laws, or treaties of the United States" in compliance with 28 U.S.C. § 1331. 28 U.S.C. § 1441(c). "Under Section 1441, an action may be removed from state court only when the federal court would have had original jurisdiction over the matter." *Agyabeng v. Kmart Corp.*, No. 09-730 (DMC), 2009 WL 2151904, at *1 (D.N.J. July 14, 2009).

The defendant's right to remove is determined by the plaintiffs' pleadings at the time of petition for removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). Furthermore, the defendant has the burden of showing the existence of federal jurisdiction. *Id.* at 540-41. "[T]he removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B. Federal Question Jurisdiction

Federal question jurisdiction pursuant to 28 U.S.C. § 1331 extends to "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S.

1, 27-28 (1983). Under the well-pleaded complaint rule, which governs whether a case arises under federal law, the plaintiff is typically entitled to remain in state court if the complaint does not, on its face, allege a federal claim. *Pasack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398 (3d Cir. 2004). That a federal question may be raised as a defense is insufficient. *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002). Rather, "[t]he controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Id.*

Defendant Judge Foster argues that Mr. Ho's Complaint does not "implicate federal law since it raises only a state law claim for malicious prosecution against the Third Party Plaintiff." (ECF No. 3-1 at 9.) Judge Foster further argues that Mr. Chen, as a non-party, has no authority to remove the action. (*Id.* at 9-10) Finally, Judge Foster argues that the several federal statutes cited by the Third Party Plaintiff in the Notice of Removal are irrelevant since they are not mentioned in the Third Party Complaint, and even if they were, a Third Party Complaint cannot serve as the basis for "arising under" jurisdiction. (*Id.*)

Defendants Breitowich and David Schlendorf Law Office argue that the "laundry list of federal criminal code sections" cited by the Third Party Plaintiff are either "punitive criminal statutes or definitional [terms]" for which "[t]here is no indication that a private cause of action exists." (ECF No. 22-4 at 9-10.)

The Court has reviewed Mr. Ho's Complaint and finds that it alleges only a claim of malicious prosecution. (ECF No. 1-2.) Furthermore, "the *third-party plaintiff* filed *his* third-party complaint in *state* court; [and] there are no grounds for him to remove his complaint to this Court. Moreover, even if this Court were to treat his third-party complaint as a counterclaim, there would be no federal question jurisdiction because a counterclaim 'cannot serve as the basis

for "arising under" jurisdiction.'" *New Jersey v. $322,290.00*, No. 11-6467 (JAD), 2012 WL 2993649, at *3 (D.N.J. July 5, 2012), *report and recommendation adopted*, No. 11-6467, (CCC) 2012 WL 2993895 (D.N.J. July 20, 2012) (emphasis in original) (internal citation omitted). Accordingly, the Court finds there is no federal question jurisdiction.

C.   **Diversity Jurisdiction**

"Section 1332 requires complete diversity among the parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *212 Marin Boulevard, LLC v. Chicago Title Ins. Co.*, No. 09-6366 (JLL), 2010 WL 3169280, at *2 (D.N.J. July 8, 2010).

Plaintiff, Mr. Ho, is a resident of New Jersey. The defendant [Ms. Sie] in this action resides in the . . . State of New Jersey." (ECF No. 1-2.) The Verified Third Party Complaint sets forth that Third Party Plaintiff Mr. Chen resides in New Jersey, and that several Third Party Defendants are citizens of New Jersey, for example: (1) Ramatjandra has a business address in New Jersey, (2) Santiago-Keene has a business address in New Jersey, (3) Slimm has a business address in New Jersey, (4) Breitowich has a New Jersey corporate address, (5) David Schlendorf Law Office is organized in, and has a principal place of business in New Jersey, (6) Judge Foster is noted as being a New Jersey Superior Court Judge, "with a princip[al] place of business in Toms, River, NJ," (7) Famularo is a "Certified Ocean County Court Reporter . . . with a princip[al] place of business . . . in Brick, NJ," and (8) Phillips is stated to be a document expert with an "office organized under that laws of the State of New Jersey . . . with a princip[al] place of business [in] Audobon, NJ." (ECF No. 22-5, ¶¶ 19, 22, 28-34.)

Accordingly, the Court finds there is no diversity jurisdiction.

D.  **Untimely Removal**

In order to remove an action from state court, the defendant must file a notice of removal within:

> 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

"[I]t is well-established that the thirty day period for removal is mandatory and cannot be extended by the court." *Galvanek v. AT & T, Inc.*, No. 07-2759 (FLW), 2007 WL 3256701, at *2 (D.N.J. Nov. 5, 2007) (internal citation omitted).

Plaintiff filed the original Complaint on July 5, 2012. The Third Party Plaintiff filed an Answer and Third-Party Complaint on August 27, 2012. Judge Foster argues that "it can be inferred that the Third Party Plaintiff received service of the Complaint prior to when she filed her Answer." (ECF No. 3-1, 13.) The Notice of Removal was filed on December 24, 2012, in excess of 30 days after the Answer was filed. Remand is therefore appropriate.

III. **Conclusion**

For the reasons set forth above, and for other good cause shown, it is hereby ordered that the instant action is REMANDED.[4]

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2013

---

[4] Divested of subject matter jurisdiction, and finding that remand is appropriate, the Court does not reach the pending Rule 12(b)(6) motions or Mr. Ho's lengthy hand-written submission (ECF Nos. 19, 22, 25).

6