**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHANG-NEIN HO,

Plaintiff,

v.

SOPHIE SIE, *et al.*,

Defendants.

**Civil Action No. 12-7857 (MAS) (LHG)**

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendant/Third-Party Plaintiff Sophie Sie's ("Sie") Petition for a writ of mandamus. (Sie's Pet., ECF No. 30.) Third Party Defendants Gareth DeSantiago-Keene, Esq., John L. Slimm, Esq., Marshall, Dennehey, Warner, Coleman & Goggin, and Arch Insurance Co. (collectively, "Gareth/DeSantiago-Keene Third Party Defendants") filed Opposition. (Gareth/DeSantiago-Keene's Opp'n, ECF No. 31.) Third Party Defendants David Schlendorf Law Office and Sylvia Breitowich, Esq. ("Schlendorf/Breitowich Third Party Defendants"), also filed Opposition. (Schlendorf/Breitowich's Opp'n, ECF No. 32.) Plaintiff/Third-Party Defendant Chang-Nein Ho ("Ho") submitted correspondence in Opposition. (Ho's Opp'n, ECF No. 33.) The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, and for other good cause shown, Sie's Petition is DENIED.

## I. Introduction and Factual Background

Plaintiff/Third Party Defendant Ho filed a Complaint against various defendants in the Superior Court of New Jersey on July 5, 2012. (ECF No. 2-28.) On August 27, 2012, Sie filed a

Counterclaim *pro se*. (ECF No. 2-19.) Sie's spouse filed a Notice of Removal and removed the case to federal court on December 24, 2012. (ECF No. 1 at 19.) On January 3, 2013, multiple Defendants filed a Motion to Remand. (ECF No. 2.) On August 27, 2013, the Court granted Defendants' Motion to Remand and the case was remanded back to state court. (ECF No. 29.) Sie's November 2013 Petition for writ of mandamus essentially seeks to have this Court vacate a state court order effectuated on October 11, 2013, well after this matter was remanded.

## II. Analysis

### A. Parties' Positions

Sie's "Statement of Facts and Order Challenged" contains thirty-seven paragraphs of allegations concerning the state court litigants and judges. For example, Sie references the "swindlers' internationally organized criminal force." (¶ 24.) In addition, she alleges that "the NJ Superior Courts' knowingly employing civil procedures and civil litigation rulings to legalize the business identity theft and business fraud and defraud and litigation fraud orchestrated by the swindlers, who knows Joe Vicari or John Corzine, is . . . obvious judicial corruption." (¶ 14.) Sie refers to "twisted civil procedures" (¶ 6), "wrongdoers sworn court officers" (*Id.*), and "un-consistent [sic] and ridiculous court behaviors and Orders and opinions" (¶ 10). Sie also alleges that the state court defendants did not participate in civil discovery in a timely and adequate manner during the state court proceedings (¶¶ 8-9). The overarching theme of Sie's Petition is her belief that the state court proceedings have been infected by "pay-to-play litigation fraud," "litigation fraud" and "pay-to-play litigation scams" (¶¶ 2-3, 5, 14, 17, 19, 22-23, 25, 29, 30) and conspiracy (¶¶ 12, 22-24, 27-29, 35 ).

Based on the foregoing allegations, Sie seeks to:

> [v]acate the Ocean County Retired Assistant Prosecutor and current Judge Graig Wellerson's Order of October 11/2013 to (1) permit the shamefully obtained 08/25/2010 arbitration Order to be vacated for good cause and civil justice and (2) to permit the fraud victims Taitin Chen and Sophie Kuanghua Sie to serve Taitin Chen's pending "Federal Question related" Third party complaint against the wrongdoers and to separate the pending Third Party Complaint case from Chang Nein Ho's original Superior Court Chinese restaurant ownership rooted complaint matters to obtain civil justice and to punish the wrongdoers accordingly to safeguard healthy USA small business investment environment and to strike corruption (the Ocean County Court and its sister's court, the Monmouth County Court's conduct in knowingly false prosecution of the victim Sophie Kuanghua Sie and knowingly permitting and assisting the swindlers, Mr. Ho, Pratiwi Ramatjandra, Valent Ramatjandra INC, Alpine Trading Company and Enna Chin to employee GOP politicians, Joe Vicari invitation card and William Polhemus's little gold star badge sticker as Enna Chin and Chang Nein Ho's Chinese restaurant ownership evidences in Windsor Green Mall in Mercer County to plunder petitioner's property and the innocent none-party, petitioner's client's property in North Plainfield is an obvious judicial and administrative Corrpution.)

(Sie's Pet. 19.)

The Gareth/DeSantiago-Keene Third-Party Defendants oppose the application for writ of mandamus. Their comprehensive opposition brief provides a detailed history of the state court litigation and decisions. They argue that the Court should deny the Petition for writ of mandamus because Sie failed to appeal the orders from the Superior Court Law Division. (Gareth/DeSantiago-Keene's Opp'n 7.) According to the Gareth/DeSantiago-Keene Third-Party Defendants, "[n]ot having taken an appeal, Sie knew or should have known that the current application is without any reasonable basis in law or equity." (*Id.* at 10.) They further argue that Sie failed to satisfy the standard for mandamus because: (1) the District Court is not in a position to direct the Superior Court judge to vacate a valid order entered in the Superior Court; (2) Plaintiff did not demonstrate lack of an adequate remedy because she could have utilized the Superior Court's appellate procedure; and (3) Plaintiff failed to demonstrate a right to relief. (*Id.* at 10-11.)

The Schlendorf/Breitowich Third Party Defendants also oppose Sie's application, joining in the arguments set forth in the Gareth/DeSantiago-Keene Opposition. (Schlendorf/Breitowich's Opp'n 1.) They argue that Sie lacks standing to petition for relief on behalf of Taitin Chen. (*Id.* at 3-5.) They further argue that even if Sie has standing, a writ of mandamus is an inappropriate remedy. (*Id.* at 5-7.)

Ho's correspondence in opposition argues that the matter belongs in New Jersey Superior Court. (Ho's Opp'n 1.) In addition, Ho asserts that Sie is "playing games" with the Court. (*Id.* at 2.) As such, Ho requests the Court to deny Sie's Petition. (*Id.*)

B. <u>Discussion</u>

This Court does not have the authority to grant the relief sought by Sie. "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (emphasis added). Mandamus is appropriate in cases where a district court fails to comply with an order of an appellate court. *See Delgrosso v. Spang & Co.*, 903 F.2d 234, 237 (3d Cir. 1990); *Citibank, N.A. v. Fullam*, 580 F.2d 82, 86-87 (3d Cir. 1978). "Traditionally, the writ of mandamus has been used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *In re Chambers Dev. Co., Inc.*, 148 F.3d 214, 223 (3d Cir. 1998) (citations and internal quotations omitted).

In the present case, Sie has not pointed to any case which would suggest that this Court has the authority to grant the relief sought. Sie requests this Court to vacate a state court order entered after this Court remanded the matter to state court.[1] A review of her Petition reflects Sie's dissatisfaction with the entire course of the state court litigation spanning back years and

[1] Sie did not attach a copy of the order to her Petition.

encompassing many orders. In fact, Sie primarily seeks to vacate "the shamefully obtained _08/25/2010_ arbitration Order" (Sie's Pet. 19) (emphasis added). Sie's request for this Court to vacate a state court order under the circumstances as presented is inappropriate.

To the extent Sie intends the Petition for a writ of mandamus to serve the same purpose as an untimely motion for reconsideration, her Petition also fails. This Court remanded the case to state court on August 27, 2013. The August 27, 2013 Memorandum Opinion found no federal question jurisdiction and no diversity jurisdiction. (8/27/13 Mem. Op. 5.) In addition, the Court found that the matter was untimely removed from state court. (*Id.* at 6.) Notably, 28 U.S.C. § 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal *or otherwise*, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d) (emphasis added). As such, the Court must deny Sie's Petition.[2]

Even if this Court had the power to issue mandamus in this matter, Sie fails to satisfy the prerequisites for issuance of the writ. "The writ of mandamus is a drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." *Hahnemann Univ. Hosp. v. Edgar*, 74 F.3d 456, 462 (3d Cir. 1996) (citations and internal quotations omitted). The writ "is seldom issued and its use is discouraged." *Lusardi v. Lechner*, 855 F.2d 1062, 1069 (3d Cir. 1988). Before a writ of mandamus may issue, a party must "have no other adequate means to attain the desired relief" and must "meet its burden of showing that its right to the writ is clear and indisputable."

[2] The Third Circuit would most likely have reached a similar result had Sie appealed this Court's remand order or if Sie had filed a Petition for writ of mandamus directly to it pursuant to Federal Rule of Appellate Procedure 21. *See Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 352-53 (3d Cir. 2013).

*Hahnemann Univ. Hosp.*, 74 F.3d at 461. However, "[i]f an ordinary appeal would afford the petitioner the relief sought, a court will not issue a writ of mandamus." *In re Gavett*, 447 F. App'x 303, 305 (3d Cir. 2011).

Sie's Petition alleges that the Superior Court abused its discretion, and that "permitting . . . Taitin Chen to serve his third-party defendants is the only remedy that will promote the public's faith in the integrity and fairness of the federal judicial system." (Sie's Pet. 22.) However, Sie has not demonstrated that her right to the writ is clear and indisputable. Moreover, Sie failed to demonstrate that she had no other adequate means to attain the desired relief. Third Party Defendants point out that Sie failed to exercise her right to appeal to the New Jersey Superior Court Appellate Division and Sie's Petition does not indicate that she has done so. Indeed, a review of the extensive state court record does not reveal any timely and procedurally appropriate attempts by Sie to appeal any of the state court orders. This case does not constitute an extraordinary circumstance that warrants the drastic remedy of a writ of mandamus. Here, Sie has failed to demonstrate that her right to the writ is either obvious or appropriate.

## III. Conclusion

For the reasons set forth above, and for other good cause shown, it is hereby ordered that Sie's Petition for a writ of mandamus is DENIED. An Order consistent with this Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: February 25, 2014