<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| CHANG-NEIN HO, | : | |
| Plaintiff, | : | Civil Action No. 12-7857 (MAS) (LHG) |
| v. | : | |
| SOPHIE SIE, et al., | : | **MEMORANDUM ORDER** |
| Defendants. | : | |

This matter comes before the Court upon two motions filed by pro se Defendant/Third-Party Plaintiff Sophie Sie ("Sie"). Sie's first motion, filed on December 12, 2014, seeks to strike a December 4, 2014 Order entered by the Honorable Lois H. Goodman, U.S.M.J. ("December 4 Order"), that requires Sie to submit all communications to the Court in writing. (Notice of Motion ("NOM") 1, ECF No. 37.) The motion also purports to "[s]upport Mr. Taitin Chen [sic] actions against 3rd party defendants" and requests that the Court: (1) "remove motion actions pending in Monmouth County Court to federal court"; (2) "immediately remove liens and records filed by the swindlers Chang Nein Ho and Ramatjandra in 10 Midvale Drive, Pittstown, NJ and in 31 Somerset Place, N[orth] Plainfield"; and (3) "revoke the 08/25/2010 binding arbitration decision made by the retired Judge Rosalie Baker Cooper Halpern in Ocean County Bar Association Fee Arbitrator Lisa Halper's Mediation Office." (*Id.* at 4.)

Sie's second motion, filed on January 5, 2015, requests the Court to (verbatim)[1]:

1. Strike and oppose John Slimm's motion returnable 01/05/2015 before Judge Shipp;

---

[1] While the text is verbatim, this Memorandum Order does not retain some of the italics and many of the numerous capitalizations contained in the original or include "[sic]" notations following typographical errors in the original.

2. Strike and oppose Chang Nein Ho motion returnable 01/09/2015 before Judge Quinn; and
3. Reshape the unconstitutional 08/25/2010 binding arbitration order to prevent fraud and business identity theft victims Sophie Sie and Taitin Chen to be jeopardized by the general warrant of police power enjoyed by the State;
4. Abolish Judge Peterson order of May 30, 2008;
5. To immediately remove liens and records filed by Chang Nein Ho and Ramatjandra in 10 Midvale Drive, Pittstown, NJ and in 31 Somerset Place, N Plainfield;
6. Amend Honorable Judge Joseph Quinn order and orders;
7. Amend Honorable Judge Goodman order and orders;
8. Amend Honorable Judge Shipp order and orders;
9. Abolish Ocean County Prosecutor Marlene Lynch Ford administrative dismissal of civilian Sophie Sie's fraud, check 21 violation, and conman Swindler game against Chang Nein Ho with a Style of *State v. Chang Nein Ho*; Complaint #1507S 2012 001129 in Toms River Municipal Court and as case #1205 1879 in Ocean County Prosecutor's Office;
10. Aboilsh Judge David Millard's January 6, 2012 Order;
11. Abolish Judge David Millard's March 30 2012 Order of ordering Enna Chin to pay Sophie Sie the amount of $125,000; and Sophie Sie to pay Mr. Ho the amount of $125,000 (because my demand of having a Taiwanese Mandarin interpreter for the motion hearing oral argument before Judge Millard on March 30, 2012 at 9:00 am. For the OCNL-3863-10 Sie v Santiago Keene & et al matter was refused by Judge Grasso and Judge David Millard.);
12. Abolish subsequent Judge O'Brien Kilgallen's "no fraud involved" in Enna Chin's "promise to pay but did not pay" civil complaint against Sophie Sie;
13. Abolish subsequent Judge O'Brien Kilgallen's "no fraud involved in" in Mr. Ho & Ramatjandra's & Enna Chin's Happy City Restaurant business investment civil complaint against Sophie Sie;
14. Abolish subsequent Judge O'Brien Kilgallen's "no fraud involved in" in Chang Nein Ho and Pratiwi Valentine Ramatjandra and Valent Ramatjandra Inc's Happy City restaurant business investment scheme;
15. Abolish subsequent Judge O'Brien Kilgallen's injunction upon Sophie Sie to take legal lawsuits against John Slimm Esq., MDWCG Law Firm, Gareth De Santiago-Keene, Gareth De Santiago-Keene Law Office, and Arch Insurance Company;
16. Abolish subsequent Judge O'Brien Kilgallen's order of judicial immunity upon Judge Joseph L Foster;
17. Order Judge Joseph L Foster's ruling of December 17, 2010 inadmissible;
18. Order the Enna Chin's restaurant ownership evidences submitted to NJ Superior Court as insufficient and irrelevant;
19. Reinstate MONL 3761-12 and to remove the MONL 3761-12 to USC in Trenton, which has the Enumerated Power to "make all Laws which shall be necessary and proper for carrying into execution the foregoing powers, and all other powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof," as stated in Article 1, Section

> 8 of the U.S. Constitution. The Tenth Amendment states clearly that "The Powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

(ECF No. 41, 4-5 of 105.)[2] Third-Party Defendants Gareth DeSantiago-Keene, Esq., Law Offices of Gareth DeSantiago-Keene, John Slimm, Esq., Marshall, Dennehey, Warner, Coleman & Goggin, and Arch Insurance Co. filed opposition to both motions. (ECF Nos. 38, 43.) In addition, David Schlendorf Law Office and Sylvia Breitowich, Esq. filed opposition to Sie's first motion. (ECF No. 39.) Plaintiff Chang Nein-Ho filed correspondence in opposition to the motions. (ECF Nos. 42, 44.)

The Court set forth the nature of the remanded state court action in its previous opinions and will not repeat the discussion here. The Court will also not summarize the various arguments in opposition to the motions. The Court will simply state its decisions. First, to the extent Sie appeals Judge Goodman's December 4 Order, the Court denies the appeal. Local Civil Rule 72.1(c)(1)(A) governs appeals from non-dispositive orders of United States Magistrate Judges in the District of New Jersey and directs the district court to set aside any portion of the Magistrate Judge's order found to be "clearly erroneous or contrary to law." L. Civ. R. 72.1(c)(1)(A). "A finding is clearly erroneous only when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (internal quotation marks omitted). Further, "[a] ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Bobian v. CSA Czech Airlines*, 222 F. Supp. 2d 598, 601 (D.N.J. 2002).

---

[2] As the pages of the motion are not numbered, the Court refers to the ECF page numbers.

Judge Goodman's December 4 Order requires Sie to make all communications to the Court in writing. Notably, the Court remanded the matter to the Superior Court of New Jersey on August 27, 2013. On November 8, 2013, Sie filed a petition for writ of mandamus that the Court denied on February 26, 2014. (ECF Nos. 30 and 34-35, respectively.) Although the Court remanded the case, Sie continued to call the Court. The December 4 Order reflects that Ms. Sie had been "repeatedly" advised not to telephone the Court. Here, requiring Sie to submit all of her communications to the Court in writing was entirely reasonable and appropriate. The Court, therefore, denies Sie's request to strike the December 4 Order.

Second, the Court denies Sie's other requests for relief. Sie's pleadings contain many unintelligible assertions.[3] To the extent that any of the assertions attempt to raise entirely separate and distinct claims, Sie may not do so by means of a motion that seeks to re-remove a case that the Court remanded approximately two years ago. Here, Sie's assertions (that are discernible) appear to rehash her discontent with various state court orders.[4] Sie's continued requests for this Court to "amend" and "abolish" numerous state court orders and her renewed efforts to remove a case that was remanded on August 27, 2013, verge on vexatious litigation practices and are not acceptable. The Court warns Sie that any further filings related to subject matter that this Court

---

[3] For example, the Notice of Motion for Sie's motion to strike provides that "the undersigned will apply to the above named Court . . . [which] has the capacity to explain to all NJ Tax Payers why the GOP Southern Leader Joe Vicari's Invitation Card as Chin restaurant evidence Chin 36 and the Ocean County Sheriff William Polhemus's little gold Star Sticker Badge as Chin Restaurant ownership evidence Chin 37 can be the sufficient Happy City Chinese restaurant ownership in Mercer County in the State of New Jersey? and why the New Synagogue Vice President, Sidney Ostrovsky's co-insurer Miss Enna Chin's pay-to-play litigation fraud for profit in Mercer County can be legalized by the many judges orders, including the United States Magistrate Judge Lois H Goodman's orders as common law fraud?" (NOM 3-4, ECF No. 37.)

[4] A review of the state court record indicates that Sie failed to timely appeal the state court orders.

4

has previously ruled upon will result in the issuance of an Order to Show Cause as to why she should not be prohibited from any further filings related to the same subject matter.

Accordingly,

**IT IS** on this 30th day of July 2015,

**ORDERED** that Sie's motions are **DENIED**.

                                            s/ Michael A. Shipp
                                          **MICHAEL A. SHIPP**
                                          **UNITED STATES DISTRICT JUDGE**